UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES MCCAWLEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| PROFESSIONAL ACCOUNT ) | |
| SERVICES, INC. ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |

## COMPLAINT

### INTRODUCTION

1. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") by Defendant Professional Account Services, Inc. d/b/a/ PASI, (hereinafter "PASI") in its illegal efforts to collect a consumer debt.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here.

### PARTIES

4. Plaintiff James McCawley (hereinafter referred to as "Plaintiff") is a natural person who resides in Knox County, Tennessee and a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. PASI is a "debt collector" as defined by 15 U.S.C. § 1692a(6), that maintains Ben Fordham, Comm Health Systems, 4000 Meridian Blvd, Franklin, TN 37607-6325, as its registered agent for service of process.

1

## FACTUAL ALLEGATIONS

6. PASI has alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely, a medical bill originally owed to North Knoxville Medical Center (hereinafter "NKMC").

7. Plaintiff was a patient and received services at NKMC on April 17, 2015.

8. On or about May 17, 2015 Plaintiff received a bill from NKMC with an amount due of $987.74. **Copy of bill filed as exhibit 1 to this Complaint (hereinafter "Doc. 1-1").**

9. On or about August 10, 2015 Plaintiff paid NKMC $987.74 with his Mastercard. **Copy of receipt filed as exhibit 2 to this Complaint (hereinafter "Doc. 1-2").**

10. PASI is regularly engaged in collection of consumer debts owed or due or asserted to be owed or due another, and attempts to collect debts by making telephone calls, sending collection letters, preparing sworn affidavits for collection lawsuits, and hiring attorneys to file collection lawsuits, record judgment liens, and have garnishments and levies issued on behalf of its clients to collect judgments.

11. PASI sent Plaintiff a series of two (2) form collection letters in connection with collection of the debt and in an attempt to collect the debt, and each one is a communication as defined by **15 U.S.C. § 1692a(2).**

12. All collection activities and communications by debt collectors, including form collection letters such as those sent by PASI are to be evaluated by the "least sophisticated consumer" standard.

*Collection Letters*

2
Case 3:16-cv-00069-PLR-HBG   Document 1   Filed 02/10/16   Page 2 of 6   PageID #: 2

13. On or about December 4, 2015, PASI sent Plaintiff a form collection letter dated December 4, 2015. **Copy filed as exhibit 3 to this Complaint (hereinafter "Doc. 1-3").**

14. The December 4, 2015 form collection letter was the initial communication by PASI with Plaintiff in connection with collection of the debt.

15. The December 4, 2015 form collection letter stated that the provider was "North Knoxville Medical Center" and that PASI was seeking to collect $1,686.12. **Doc. 1-3.**

16. The December 4, 2015 form collection letter further stated that:

    > Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor if different from the current creditor.
    >
    > For questions please call 1-800-755-5152.
    >
    > | Account # | Patient | Date of Svc | Account Balance |
    > |---|---|---|---|
    > | 2378421-7161 | James McCawley | 04/15/15 | $1686.12 |
    >
    > **This is an attempt to collect a debt. Any information obtained will be used for that purpose.**
    >
    > **We report delinquent accounts to credit reporting agencies on a routine basis; however, no reports are made to any credit reporting agency prior to the expiration of the 30 day period described in this letter.** "

    **Doc. 1-3.** (bold print in original)

17. On or about December 9, 2015, PASI sent another form collection letter dated December 9, 2015. **Copy filed as exhibit 4 to this Complaint (hereinafter "Doc. 1-4").**

18. The December 9, 2015 form collection letter stated that:

    > We have not received your scheduled payment of $1686.12. Send

your payment immediately or pay on-line. Please send future

payments as we agreed."

19. Plaintiff has never scheduled or agreed to a payment with PASI.

20. The statements in the December 9, 2015 form collection letter that: "We have not received your scheduled payment of $1686.12. Send your payment immediately or pay on-line. Please send future payments as we agreed", when no agreement to pay or to schedule a payment has been made by Plaintiff was the use by PASI of false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

21. The December 9, 2015 form collection letter sent five (5) days after Plaintiff was provided a thirty day period to decide to request validation or verification of the debt, failed to reiterate and Plaintiff's right to dispute the debt is a communication that is an overriding demand for payment in less than a week after receipt that both overshadows and is inconsistent with the disclosure of Plaintiff's right to dispute the debt, in violation of 15 U.S.C. § 1692g(b), and could easily confuse the least sophisticated consumer between the statement that a payment is due and has been agreed to by the Plaintiff and the thirty day response time from receipt that is contemplated by the statute and included in the form collection letter dated only five days earlier, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

### *False Representation of the Amount of the Debt*

22. As discussed *supra,* Plaintiff received a bill from NKMC for services on April 17, 2015 with an amount due of $987.74 and paid this bill in full. **Doc. 1-1 & 1-2.**

23. The December 4, 2015 collection letter stated that the "Total Due" on the debt for services on April 17, 2015 was $1686.12, with no explanation as to why the amount was different from the amount demanded in the bill from NKMC. **Doc. 1-3.**

24. By stating in the December 4, 2015 collection letter that Plaintiff owed $1686.12, PASI falsely represented the amount of the debt owed in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount or legal status of a debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

25. The above-detailed conduct by PASI in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

## TRIAL BY JURY

26. Plaintiff is entitled to and hereby respectfully demands a trial by jury. *U.S. Const. amend. 7; Fed.R.Civ.P. 38.*

## CAUSES OF ACTION

## COUNTS I-IV

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g(b)

27. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

28. The foregoing acts and omissions of PASI constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions

of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

29. As a result of PASI's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against PASI:

## COUNTS I-IV

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g(b)

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

02/10/16                                         Respectfully submitted,

**JAMES MCCAWLEY**

s/       Brent S. Snyder
Brent S. Snyder, BPR #021700
2125 Middlebrook Pike
Knoxville, TN 37921
(865) 546-2141
brentsnyder77@gmail.com
Attorney for Plaintiff